UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARTA GARCIA AND OSCAR GARCIA | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| -vs- | ) CAUSE NO.: 3:16-CV-01646-L-BK |
| | ) |
| LQ PROPERTIES, INC., d/b/a LA QUINTA INN LAREDO and d/b/a LA QUINTA INNS & SUITES, LQ MANAGEMENT LLC, d/b/a LA QUINTA INN LAREDO and d/b/a LA QUINTA INNS & SUITES, and BRE/LQ PROPERTIES LLC, n/k/a LQ PROPERTIES, LLC/d/b/a LA QUINTA INNS AND SUITES and d/b/a LA QUINTA INN LAREDO | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION FOR ADDITIONAL TIME TO RESPOND
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The parties submitted this matter to mediation on October 11, 2017, however the matter was not resolved during mediation. On October 13, 2017 the Defendants filed a summary judgment motion seeking summary judgment on the issue of liability and on the issue of damages as it relates to loss of earning capacity, future medical treatment, disfigurement or impairment.

There is pending before this Court Plaintiff's motion to vacate the trial date of February 5, 2018, to extend the discovery cut-off of October 2, 2017, and to reopen expert discovery to permit the Plaintiff to designate expert witnesses, with concurrent extensions of time for Defendants to name expert witnesses, Doc. #45. Defendants objected to the motion, Doc. No. 47, and Plaintiffs replied, Doc. No. 48, thus the matter is fully briefed and awaiting ruling, attached hereto as Exhibit 1.

1

For the same reasons as set forth in the pending motion, plaintiffs seek additional time to respond to Defendants' Summary Judgment Motion, as additional discovery is needed to respond to the motion, as set forth in the Fed. Rule Civ. Pro. 56(d) affidavit submitted by Plaintiffs' counsel, Attorney Wanda E. Jones, in support of said motion.

Defendants' summary judgment motion asserts that the bathtub wherein Plaintiff Marta Garcia sustained injury was not in an unreasonably dangerous condition, and that Defendants did not know nor should they have known that the bathtub presented an unreasonable risk of harm that proximately caused Plaintiff Marta Gracia's injuries. Mrs. Garcia testified that she fell in a bathtub on Defendants' premises on October 24, 2013. (Deposition of Marta Garcia taken on June 13, 2017, excerpts attached hereto as Exhibit 2, p. 32)

In support of the motion, Defendants rely upon photographs taken by Raul Garza of Custard Insurance Adjustors, (Doc. No. 53, Exhibit J, to Defendants' Motion, Doc. No. 52, which were taken on May 5, 2014) The report prepared by Mr. Garza discusses the fact that although he received the assignment on April 14, 2014, that Mr. Diaz did not allow access to perform an inspection until April 28, 2014 when he "agreed to allow access into the building" (Doc. No. 53, Exhibit J, p. 104) Further, after preparing the First Report contained in Exhibit J, Mr. Garza prepared a Second Report wherein he described the condition of the bathtub by saying "The surface does not appear "worn"; instead we would describe the surface condition as appearing to be relatively new." Deposition of Jose Diaz taken on June 15, 2017, excerpts

2

attached hereto as Exhibit 3, identified therein as Exhibit 13, p. 111). Over six months passed between when Ms. Garcia fell and when Mr. Garza inspected the room.

Letty Cruz, LaQuinta's Manager on Duty at the time of Mrs. Garcia's injury, was instructed to take photographs of the tub – she does not recall taking the photographs, does not know when she took the photographs, but recalled she was asked to take the photographs by Mr. Diaz, and that Robert Sandoval, head of maintenance, accompanied her. (Deposition of Letty Cruz taken on June 14, 2017, excerpts attached hereto as Exhibit 4, pp. 61-65) The Garcias took photographs on the day of her injury, which do not depict the bubbled surface on the bottom of the tub which are shown in the Garza photographs. (Exhibit 5, Garcia Photographs) Oscar Garcia testified that Letty Cruz came to their room, and that she inspected the tub in their presence and told them the anti-slip strips were "worn out". (Exhibit 6, Interrogatory Answers of Marta Garcia, Interrogatory No. 3 and Answer Exhibit G to Defendants Summary Judgment Motion, Doc. No. 53)

On June 8, 2017 Plaintiffs' counsel wrote to Defendants' counsel and asked that LaQuinta personnel Margarita Sanchez and Robert Sandoval, all of whom were employees at the LaQuinta property in Laredo, be produced for deposition while she was in Laredo for the deposition of Letty Cruz on June 14, 2017. She also sought to take the deposition of Raul Garza from Custard Investigations while in Texas, offering to subpoena him since he was not under the control of the Defendants. (Exhibit 7, Correspondence from Plaintiffs' counsel, Wanda E. Jones, to Defendants counsel, Rebecca Rabago). Ms. Rabago advised she would not be able to proceed with the depositions at that time, despite the fact that Plaintiffs' counsel had travelled from

Indiana and was in Laredo and ready to proceed not only with those depositions but also to subpoena and depose Mr. Garza. (Exhibit 8, e-mail from Rebecca Rabago to Plaintiffs' counsel)

During the course of the depositions the undersigned counsel learned of additional witnesses, as well as additional documents that needed to be produced including Pete Blozis, Regional Vice-President who would make decisions regarding resurfacing of bathtubs, as well as Robert Perkins, whose affidavit Defendants have tendered in support of their summary judgment. (Exhibit 3, Diaz Dep., pp. 87-88)

Plaintiffs therefore seek additional time to respond to the summary judgment motion, as set forth herein and in the supporting Affidavit of Attorney Wanda E. Jones, Exhibit 1. Plaintiffs' pending motion seeks to vacate the trial date, to extend the discovery cut-off, and to permit Plaintiffs to designate and provide expert witness disclosures to Defendants, and for Defendants to designate any additional expert witnesses in response. Plaintiffs do not seek this relief for any improper reason or because they have failed to diligently prosecute their case, but because despite diligent effort discovery remains to be done, which when completed, will allow the Plaintiffs to fully respond to the pending summary judgment motion.

WHEREFORE, for all the above-captioned reasons, incorporating herein Plaintiffs' Motion to Vacate the Trial and Reply Brief filed therein, Plaintiffs respectfully ask this Court to vacate the trial date, to extend the discovery deadline up to and including January 30, 2018, that the Plaintiffs be permitted to provide expert disclosures up to and including November 30, 2017, that Defendants be permitted to name any additional expert witnesses up to and including December 31, 2017, and that the

Plaintiffs be permitted up to and including February 28, 2018 in which to file their response to the pending summary judgment motion, and that the Court reschedule the trial thereafter at the Court's convenience after ruling on the summary judgment motion.

Respectfully submitted,

By: */s/ Wanda E. Jones*
Wanda E. Jones, #11223-64
Jones Law Offices
110 N. Broad Street,
Griffith, IN 46319
(219) 844-8888 (Telephone)
(219) 844-8878 (Telecopier)
wej@indianajoneslaw.com

LOCAL COUNSEL:
Houston M. Smith
State Bar No. 18605900
Law Office of Houston Smith
210 E. Moore
Terrell, Texas 75160 (972) 524-1903 (Telephone)
hms@houstonsmith.com