IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARTA GARCIA AND OSCAR GARCIA, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-1646-L |
| | § | |
| LQ PROPERTIES, INC., d/b/a | § | |
| LA QUINTA INN LAREDO and d/b/a | § | |
| LA QUINTA INNS & SUITES, | § | |
| LQ MANAGEMENT LLC, d/b/a | § | |
| LA QUINTA INN LAREDO and d/b/a | § | |
| LA QUINTA INN & SUITES, and | § | |
| BRE/LQ PROPERTIES, LLC, n/k/a | § | |
| LQ PROPERTIES, LLC, d/b/a | § | |
| LA QUINTA INNS & SUITES and d/b/a | § | |
| LA QUINTA INN LAREDO, | § | |
| | § | |
| Defendants. | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the court is Plaintiffs' Motion for Additional Time to Respond to Defendant's Motion for Summary Judgment (Doc. 54), filed November 1, 2017. For the reasons herein explained, the court **grants** Plaintiffs' Motion for Additional Time to Respond to Defendant's Motion for Summary Judgment (Doc. 54).

**I.     Background**

This is a premises liability lawsuit. On October 23, 2015, Plaintiffs Marta Garcia ("Mrs. Garcia") and Oscar Garcia ("Mr. Garcia") (sometimes collectively, "Plaintiffs" or the "Garcias") filed this lawsuit in state court in Indiana, alleging negligence and seeking damages for injuries Mrs. Garcia contends she sustained on October 24, 2013, when she slipped and fell in the bathtub of the Garcia's hotel room at a LaQuinta Inn in Laredo, Texas. Mr. Garcia brings a claim for loss of

**Memorandum Opinion and Order - Page 1**

consortium. On December 3, 2015, Defendants removed this action to federal court in the Northern District of Indiana, Hammond Division, on the basis of diversity jurisdiction. *See* Notice of Removal (Doc. 1). Following removal, Defendants moved to dismiss the case for lack of personal jurisdiction and improper venue. On June 20, 2016, the district court, after concluding that it lacked personal jurisdiction over Defendants, transferred the case to this court in the "interest[] of justice." *See* Opinion and Order 2 (Doc. 22).

On January 13, 2017, the court issued a Scheduling Order (Doc. 35), setting the case for trial on its four-week docket beginning February 5, 2018. Pursuant to the Scheduling Order, the deadline for Plaintiffs to designate experts was July 5, 2017, the deadline for Defendants to designate experts was August 5, 2017, and the deadline for completion of discovery was October 2, 2107.

On August 25, 2017, Plaintiffs filed a motion seeking to vacate the trial setting, extend the discovery deadline, and allow them to designate an expert witness after the deadline had passed and allow Defendants to also have additional time to designate an expert witness. *See* Pls.' Mot. to Vacate (Doc. 45). Defendants opposed the relief sought, arguing that Plaintiffs had failed to exercise diligence in prosecuting their case. Plaintiffs filed a reply detailing the back and forth between the parties with respect to trying to meet the discovery deadlines, as well as the logistical issues encountered by Plaintiffs, who are approximately seventy-five years of age, having to travel from Indiana to Texas, and problems encountered by Plaintiffs' counsel, a solo practitioner in Indiana. *See* Pls.' Reply (Doc. 48) and Appendix thereto (Docs. 48-1 through 48-4).

While Plaintiffs' motion to vacate the trial setting was pending, Defendant LQ Management L.L.C. ("LQ Management"), who will be the only remaining Defendant in this action,[*] filed a motion for summary judgment, contending, among other things, that Plaintiffs had failed to raise a genuine dispute of material fact that it had actual or constructive notice that the bathtub in the Garcia's hotel room at the LaQuinta Inn in Laredo, Texas, was in an unreasonably dangerous condition, or that such condition, if it existed, proximately caused Mrs. Garcia's injuries, or that the bathtub presented an unreasonable risk of harm. *See* Def.'s Mot. Summ. J. (Doc. 53); Summ. J. Br. (Doc. 54). Defendant also sought summary judgment on the issue of damages as they relate to lost earning capacity, future medical treatment, disfigurement and impairment. *Id.* In response, Plaintiffs filed their Motion for Additional Time to Respond to Defendant's Motion for Summary Judgment (Doc. 54), in which they incorporate all the arguments filed in support of their pending Motion to Vacate Trial Setting, filed on August 25, 2017. Relying on the Affidavit of their counsel, Wanda E. Jones, filed under Federal Rule of Civil Procedure 56(d), Plaintiffs contend that additional time is needed to take further discovery to respond to Defendant's summary judgment motion. Defendant opposes the motion, reasserting the arguments it originally made in its opposition to Plaintiffs' motion to vacate the trial setting, and asserting that Plaintiffs have not been diligent in prosecuting this case.

## II.   Legal Standard

Rule 56(d) of the Federal Rules of Civil Procedure applies to motions to continue summary judgment responses. Rule 56(d) provides:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its

---

[*] The parties have stipulated that Plaintiffs will nonsuit the remaining defendants as they were improperly named. *See* Doc. 50.

**Memorandum Opinion and Order - Page 3**

opposition, the court may:

> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). To obtain a continuance under Rule 56(d), the party opposing summary judgment must file a motion, along with an affidavit or declaration, setting forth why he or she cannot present, by affidavit or declaration, evidence necessary to justify his or her opposition to the summary judgment motion. *Id.*; *see also Access Telecom, Inc. v. MCI Telecomms. Corp*., 197 F.3d 694, 719 (5th Cir. 1999). The party moving for the continuance must show why he needs the additional discovery and how the additional discovery will demonstrate that a genuine dispute of material fact exists. *Stults v. Conoco, Inc*., 76 F.3d 651, 657-58 (5th Cir. 1996) (citation omitted). A party may not "rely on vague assertions that additional discovery will produce needed, but unspecified facts." *Adams v. Travelers Indem. Co. of Conn*., 465 F.3d 156, 162 (5th Cir. 2006) (citation and quotation marks omitted). Finally, the party requesting the additional discovery or extension must show that relevant discovery has been diligently pursued. *Wichita Falls Office Assocs. v. Banc One Corp*., 978 F.2d 915, 919 (5th Cir. 1992).

Federal Rule of Civil Procedure 6(b) allows a district court to grant extensions of time prior to the expiration of a deadline for "good cause." Fed. R. Civ. P. 6(b). When a deadline has expired, Rule 6(b)(1)(B) allows a court to consider a motion for an extension of time for excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Plaintiffs' Motion for Additional Time to Respond to Defendant's Motion for Summary Judgment (Doc. 54) was filed before Plaintiffs' summary judgment response deadline. Federal Rule of Civil Procedure 6(b)(1)(A)'s good cause standard, therefore, applies to

Plaintiffs' request to extend their summary judgment response deadline. *See* Fed. R. Civ. P. 6(b)(1)(A).

**III. Analysis**

Having carefully considered Plaintiffs' Motion for Additional Time to Respond to Defendant's Motion for Summary Judgment (Doc. 54), the Rule 56(d) Affidavit of Wanda E. Jones filed in support, and exhibits thereto (Doc. 54-2 through 54-9), Defendant's response, and Plaintiffs' reply, as well as the previously filed motions and briefs, under applicable law, the court **concludes** that Plaintiffs are entitled to a continuance of their summary judgment response deadline under Rule 56(d) or Rule 6(b)(A)(1). Contrary to Defendant's assertions, a review of the record does not show that Plaintiffs have failed to prosecute this matter with diligence. Further, Plaintiffs' motion is supported by Ms. Jones's detailed affidavit describing the necessary discovery, including depositions of specific La Quinta personnel, to respond to the summary judgment motion and raise a genuine dispute of material fact as to whether the bathtub or bathroom constituted an unreasonably dangerous condition, whether Defendant had notice the bathtub was in an unreasonably dangerous condition, and whether Defendant failed to provide legally required safety devices. In sum, on this record, the court concludes Plaintiffs have established good cause for an extension and satisfied the requirements for a continuance under Rule 56(d). Plaintiffs have adequately explained what efforts they have taken since the case was transferred to this court with respect to conducting discovery and retaining experts; Plaintiffs explain what evidence, expert or otherwise, is needed to respond to Defendant's summary judgment motion and why such evidence is necessary. Moreover, Plaintiffs' deadline to designate experts expired July 5, 2015, and Plaintiffs have shown good cause under Rule 16(b) of the Federal Rules of Civil Procedure to amend the scheduling order to revive this deadline.

For all of these reasons, Plaintiffs are entitled to a continuance of their summary judgment response deadline under Rule 56(d) or Rule 6(b)(A)(1) to conduct additional discovery or designate experts. Plaintiffs have also shown good cause for the court to modify the scheduling order and for their failure to meet the scheduling order deadline under Rule 16(b) of the Federal Rules of Civil Procedure. *See S & W Enters., L.L.C. v. Southwest Bank of Alabama,* 315 F.3d 533, 536 (5th Cir. 2003). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension." *S & W Enters.,* 315 F.3d at 535 (citation omitted). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.* at 536. In deciding whether to allow an untimely amendment, a court considers "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (internal quotation marks, brackets, and citations omitted). For the reasons previously stated, Plaintiffs have satisfied this four-part test. The court will allow a four-month extension of time for discovery for both parties**.** Given the reopening of discovery, the court, exercising its discretion to control its docket, will deny without prejudice Defendant's pending motion for summary judgment. The court will issue an Amended Scheduling Order separately, setting forth the new deadlines for discovery and for Defendant to file a motion for summary judgment. Plaintiffs' response and Defendant's reply, if any, shall be filed in accordance with the local civil rules of this district.

## IV. Conclusion

For the reasons herein stated, the court: **grants** Plaintiffs' Motion for Additional Time to Respond to Defendant's Motion for Summary Judgment (Doc. 54); *sua sponte* **vacates** the February 5, 2018 trial setting to allow adequate time for the additional discovery and the refiling by Defendant of its motion for summary judgment following the additional discovery; **denies as moot** Plaintiffs' Motion to Vacate February 18, 2018 Trial Setting (Doc. 45), filed August 25, 2017; **denies as moot** Plaintiffs' Motion for Leave to File Plaintiff's Belated Summary Judgment Response; and **denies without prejudice** Defendant's Motion for Summary Judgment (Doc. 52), filed October 13, 2017. The court will issue an Amended Scheduling Order separately. Further, the court **directs** Plaintiffs to file an agreed stipulation of dismissal pursuant to Federal Rule of Civil Procedure Rule 41(a)(1)(A)(ii) with respect to all Defendants except LG Properties LLC, by no later than **Friday, January 12, 2018.**

The court apologizes for the delay in resolving the pending matters. As the parties may be aware, the Dallas Division is short two judges, creating a backlog of pending matters. Further, under the Speedy Trial Act, criminal matters take precedence. *See generally* 18 U.S.C. § 3161 *et seq*. As the court is allowing Defendant to refile its motion for summary judgment and allowing further discovery and expert designations, the court does not believe any party has been legally prejudiced. Finally, upon reflection, once the matter was transferred to this court, the parties did not allow sufficient time for discovery (*see* Jt. Status Report, Doc. 30), and perhaps did not anticipate the logistical problems associated with conducting discovery in Texas while Plaintiffs and Plaintiffs' counsel reside in Indiana.

**It is so ordered** this 3rd day of January, 2018.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge